UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAMAR DANIELS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:21-cv-01612-TWP-MPB |
| | ) |
| DENNIS REGAL, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

This matter is before the Court on Petitioner Ra'Mar Daniels' ("Daniels") petition for a writ of habeas corpus in which he challenges a prison disciplinary proceeding identified as WVD 01-06-0256. For the reasons explained in this Order, Daniels' habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

### B. The Disciplinary Proceeding

On June 28, 2001, Officer Perry issued a Report of Conduct ("Conduct Report") charging Daniels with a violation of Code B-231, Making or Possessing Intoxicants. Dkt. 9-1. The Conduct Report states:

> On 6-28-01 at 1740 hrs I (C/O L. Perry), while assigned to KHU, did perform a random shakedown of cell 117 which houses offender Daniels, Ramar #104542 and offender Ortiz, Gonzalo #102825. Prior to entering the cell I (C/O L. Perry) did witness offender Ortiz, Gonzalo #102825 pour a liquid substance from a one (1) gallon container into the toilet of 117 and then flush the toilet. After entering the cell and inspecting the one (1) gallon container I did notice the container contained an alcohol type substance and had an alcoholic odor to it. Upon further examination of the cell I did find an alcohol type substance in the trash can. At this time I (C/O L. Perry) had the trash can and one (1) gallon container tested for alcohol by Sgt. J. Michael. Test results for alcohol were positive.

*Id.* The Conduct Report noted that the physical evidence was destroyed "due to perishable nature." *Id.*

The record also contains a statement from Sergeant Schmitt that corroborates the Conduct Report. Dkt. 9-3. Sergeant Michael also prepared a statement, which is part of the record. Dkt. 9-2. He stated that he performed a "passive alcohol test" on the substance collected from Daniels' cell, and it tested positive for a ".020% or greater alcohol content." *Id.*

Daniels received a copy of the Conduct Report and the Screening Report on July 5, 2001. Dkts. 9-1, 9-5. He pleaded not guilty to the charge and did not request a lay advocate, witnesses, or physical evidence. Dkt. 9-5.

A disciplinary hearing was held on July 12, 2001. Dkt. 9-6. At the hearing, Daniels testified that he was sitting on the bed when correctional officers entered the cell and had "nothing to do" with the alcohol. *Id.* Considering Daniels' statement and the Conduct Report, the hearing officer found Daniels guilty of violating Code B-231, Making or Possessing Intoxicants. *Id.* The sanctions

imposed included a written reprimand, deprivation of 180 days of earned credit time, and a one-level demotion in credit earning class. *Id.*

Daniels did not file an appeal to the Facility Head or the Final Reviewing Authority. Dkt. 9-7 at 44. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 almost 20 years after his disciplinary conviction.

### C. Analysis

Daniels presents three challenges to his disciplinary conviction: (1) insufficient evidence supports the determination of guilt; (2) the disciplinary charge was a retaliatory act; and (3) he did not receive a hearing on the disciplinary charge. Dkt. 1 at 3-4.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The respondent contends that Daniels failed to exhaust the administrative appeals process and thus is procedurally barred from pursuing relief under § 2254. Dkt. 9 at 9-11. Daniels has not challenged the respondent's argument or shown any basis for overcoming his procedural default. *See* dkt. 10. *See Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015) (recognizing instances where a court "may excuse a procedural default"). Because the undisputed record reflects that Daniels did not timely exhaust his available administrative remedies, he is not entitled to relief under § 2254.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Daniels is not entitled to the relief he seeks because he

did not exhaust his available administrative remedies. Accordingly, his petition for a writ of habeas corpus must be **denied** and this action **dismissed**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 3/29/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RAMAR DANIELS
104542
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov